UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. WANGLER, | ) | Case No.: 3:13 CV 2598 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| EDWARD T. SHELDON, Warden, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On November 22, 2013, Petitioner Mark A. Wangler ("Wangler" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and sentence for one count of aggravated murder for the death of his wife, Kathy Wangler. Wangler argues that his Petition should be granted based on the following five grounds:

Ground One: Journals written by Petitioner were wrongfully seized and wrongfully admitted by the State in the trial against him.

Ground Two: The trial court failed in its *Daubert* gatekeeper role when it admitted scientific testimony offered by the State that was not generally accepted and where there was an analytical gap between the accepted scientific premise and the conclusions of the State's expert at trial.

Ground Three: Petitioner is being held in violation of his rights because the trial court refused to permit his expert to testify and rebut the State's expert's theory.

Ground Four: Petitioner was denied a fair trial as a result of numerous discovery violations that denied him material evidence.

Ground Five: Petitioner was denied effective assistance of counsel at the trial and appellate levels.

(*See generally* Pet., ECF No. 1.)

## I. BACKGROUND

This court referred the case to Magistrate Judge Kathleen B. Burke for preparation of a Report and Recommendation ("R&R").  Respondent Edward Sheldon, Warden of Toledo Correctional Institution, filed a Return of Writ on April 18, 2014 (ECF No. 8).  In response, Petitioner filed a Traverse (ECF No. 9) and a Supplemental Brief in support (ECF No. 10).

The Magistrate Judge submitted her R&R (ECF No. 11) on October 19, 2015, recommending that the court dismiss and/or deny the Petition.  The Magistrate Judge determined that Petitioner's first ground for relief, that Petitioner's journals were wrongfully seized and admitted at trial, is not cognizable on federal habeas review.  The Magistrate Judge based this conclusion on her finding that, pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), Petitioner had an opportunity for full and fair litigation in the state courts through being able to file a pretrial motion to suppress along with a hearing, take a direct appeal on the denial of the motion to suppress, file an application for reconsideration with the state court of appeals, and appeal the state court's denial of his application for reconsideration with the Supreme Court of Ohio.

Next, the Magistrate Judge found that Petitioner's second and third grounds for relief, that the state court improperly admitted the prosecution's expert testimony and improperly excluded the defense expert testimony, was meritless.  The Magistrate Judge stated that it is not the role of a federal habeas court to reexamine questions of state law, and Petitioner had not demonstrated that the admission or exclusion of evidence rose to the level of a denial of fundamental fairness.  The Magistrate Judge also recommended denial of Petitioner's fourth ground for relief regarding discovery violations because Petitioner did not raise the issue before the Supreme Court of Ohio.

Lastly, the Magistrate Judge found that Petitioner's fifth ground for relief, that Petitioner was denied effective assistance of counsel at the trial and appellate levels, should be dismissed in part

and denied in part.  In regard to ineffective assistance of counsel at the trial level, the Magistrate Judge concluded that Petitioner failed to fairly present his claims through a direct appeal or in a post-conviction petition. In regard to ineffective assistance of counsel at the appellate level, the Magistrate Judge determined that Petitioner did not demonstrate that the state court's conclusion was an unreasonable application of or contrary to clearly established federal law, or that appellate counsel was constitutionally ineffective.

On October 29, 2015, Petitioner timely filed his Objections to the R&R ("Objections") (ECF No. 12), objecting to the R&R on all grounds for relief, except Ground Four and portions of Ground Five.

## II. LAW AND ANALYSIS

### A. Ground One

Petitioner concedes that he received full and fair litigation of his Fourth Amendment claim that his journals were wrongfully seized.  But he contends that he did not receive full and fair litigation of the Ohio appellate court's conclusion that the use of the improperly seized journals at trial was "harmless error."  Petitioner argues that the "harmless error" finding is not part of the Fourth Amendment claim unreviewable under *Stone* but rather a reviewable due process violation. Petitioner concedes that the Magistrate Judge's citation to *Gilmore v. Marks*, 799 F.2d 51 (3rd Cir. 1986) is on point, but he argues that the case was incorrectly decided because "[t]he harmfulness of the error and the actual error itself are not identical issues."  (Objections at 10, ECF No. 12.) Petitioner also criticizes the R&R for not addressing his citation to *Young v. Conway*, 715 F.3d 79 (2nd Cir. 2013).  Petitioner argues that the conclusion in *Young* that the *Stone* rule is not jurisdictional supports his notion that *Stone* does not apply post-AEDPA because "the jurisdictional question is one that Congress has the power to establish[.]" (Objections at 22, ECF No. 12.)

-3-

Petitioner argues that Congress exercised that power by enacting AEDPA, which Petitioner claims preempted *Stone*.

Petitioner's arguments are not well taken. The court finds that *Gilmore's* analysis of *Stone* is persuasive, as has another judge in this district. *See, e.g.*, *Williams v. Lazaroff*, No. 4:14 CV 1653, 2016 WL 430397, at *1 (N.D. Ohio Feb. 4, 2016) (a petitioner's claim that a state court improperly found a Fourth Amendment violation to be harmless may not be raised in federal habeas action, citing *Gilmore*). Further, as the Magistrate Judge correctly pointed out with a string citation, *Stone* does apply post-ADEPA. (R&R at 22-23, ECF No. 11.) Additionally, Petitioner's reliance on *Young* is misplaced. Petitioner's citation to *Young* references the concurrence and dissent of a Second Circuit panel decision to deny *en banc* review. The decision on the merits, *Young v. Conway*, 698 F.3d 69, 86 (2nd Cir. 2012), found that the state was precluded from raising *Stone* on appeal because the state failed to raise *Stone* in the underlying case. The Second Circuit determined that since the *Stone* rule is non-jurisdictional, the court did not have to raise the issue *sua sponte*. *Young*, 698 F.3d at 85. This decision does not equate to Petitioner's conclusion that Congress preempted *Stone* with the AEDPA. *Young* need not be addressed in the R&R, and Petitioner's objections are overruled. The court adopts the conclusions in the R&R as its own and dismisses Ground One.

### B. Ground Two

Petitioner challenges the Magistrate Judge's finding that admission of testimony by the prosecution's expert James Schauer ("Schauer") did not result in denial of a fundamentally fair trial. Petitioner argues that the Magistrate Judge failed to properly apply the test articulated in *Brown v. O'Dea*, that whether admission of prejudicial evidence constitutes a denial of fundamental fairness turns upon "whether the evidence is 'material in the sense of a crucial, critical highly significant

-4-

factor.'" 227 F.3d 642, 645 (6th Cir. 2000).  Petitioner also objects to the R&R's description of the cases used to support the proposition that Petitioner was unable to demonstrate that the testimony admitted was contrary to or an unreasonable application of clearly established federal law or that it denied him a fair trial.

The Supreme Court has emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA."  *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam).  Here, it is questionable whether the "crucial, critical highly significant factor" standard Petitioner cites from *Brown* can form the basis for federal habeas relief.  *Olson v. Little*, 604 F. App'x 387, 406 (6th Cir. 2015) (stating that this "crucial factor" standard in *Brown* derives not from the Supreme Court but from a concurrence in a 1968 Fifth Circuit opinion).  *Brown* is also unhelpful to Petitioner, because the Sixth Circuit in that case concluded that the admission of the expert's testimony did not meet the Supreme Court's standard to warrant habeas relief, based on the fact that the prosecution's expert was subject to cross-examination and information helpful to the petitioner was elicited.  Here, the Magistrate Judge considered the fact that Petitioner was permitted to cross-examine Schauer and other facts to Petitioner's benefit to determine that Petitioner was not entitled to habeas relief.  Thus, the Magistrate Judge did not err in failing to cite *Brown*.

Although Petitioner criticizes the R&R's summarization of cases, the Magistrate Judge's point was that Petitioner had not shown, and still has not demonstrated, that the admission of Schauer's testimony was contrary to or an unreasonable application of clearly established Supreme Court precedent.  28 U.S.C. § 2254(d).  Contrary to Petitioner's contentions, neither the Supreme Court's two line opinion vacating the judgment in *Brown* found in *Brown v. O'Dea*, 530 U.S. 1257 (2000), nor *Williams v. Taylor*, 529 U.S. 362 (2000), which clarified the "unreasonable application"

-5-

of law standard, is sufficient to constitute clearly established Supreme Court precedent that the admission of expert testimony was unreasonable such that he should be granted federal habeas relief.

Since Petitioner could not point to clearly established Supreme Court precedent, let alone whether that law was contrary to or unreasonably applied, Petitioner's objection is overruled. Accordingly, the court adopts the R&R on this ground as its own and denies Ground Two.

## C. Ground Three

Petitioner's objection is that the R&R insufficiently analyzed whether the state court's exclusions of testimony by Petitioner's expert Frederick Teeters ("Teeters") was improper because the Magistrate Judge "unduly deferred to the State courts[.]" (Objections at 29-31, ECF No. 12.) Petitioner argues that the Magistrate Judge failed to adequately analyze the facts and context underlying the state court's decision to exclude. (*Id.* at 31-33.)

The Magistrate Judge correctly pointed out that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68 (reversing grant of habeas petition, finding that the petitioner's due process rights were not violated by the admission of the evidence). The Supreme Court has also stated that Section 2254(d) "is a 'difficult to meet' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt[.]'"). *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted). Also, "[t]he petitioner carries the burden of proof." *Id.*

Petitioner basically wishes for the court to analyze whether the state court correctly excluded the testimony Petitioner sought to proffer under state law, which is not allowed on federal habeas review. Instead, the R&R properly analyzed the facts regarding whether the exclusion constituted

a due process violation, including considering that (1) Teeters acknowledged his lack of experience working with candle soot and that his knowledge was derived from articles found on the internet and at the libraries; (2) one of Petitioner's other experts, Robert Wabeke ("Wabeke"), testified that, as a result of how most candles are made, one would expect to find similar molecular tracers in soot from a burning candle and soot from an engine, which overlapped with the type of testimony Petitioner wanted Teeters to testify about; and (3) the trial court allowed admission of an analytical report and defense witness, Laura Stephens, to testify regarding Wabeke's testing. The court overrules Petitioner's objections.  Accordingly, the court adopts the R&R as to this ground and denies Ground Three.

### D. Ground Five

### 1. Alleged Ineffective Assistance of Trial Counsel

The Magistrate Judge concluded that Petitioner "did not fairly present his ineffective assistance of trial counsel claims to the state courts in either his direct appeal or in a petition for post-conviction relief," and thus "federal habeas review is not available" for those claims.  (R&R at 33, ECF No. 11.)  Petitioner seems to object to the Magistrate Judge's conclusion, claiming direct appeal, not post-conviction relief, was the proper avenue for raising his ineffective assistance of trial counsel claims, because the claims are based on evidence in the record.  (Objections at 38-39, ECF No. 12; Traverse at 47, ECF No. 9.)  But even if this is the case, Petitioner does not argue that he is entitled to federal habeas review, and he does not seem to object to the Magistrate Judge's direct appeal analysis.  Instead, Petitioner concedes that if direct appeal was the proper avenue, then those claims "would not be properly before this court[.]" (Objections at 39, ECF No. 12.)  Thus, Petitioner does not seem to object to the R&R's conclusion that federal habeas review is not available on this ground.

-7-

Despite Petitioner's claim that direct appeal is the proper avenue, the Magistrate Judge correctly pointed out that res judicata does not bar a petitioner from raising an ineffective assistance of trial counsel in a timely petition for post-conviction relief, if the lawyer who represented the petitioner in the direct appeal was the same person as the trial counsel. *Buell v. Mitchell*, 274 F.3d 337, 359 (6th Cir. 2001) (citing *State v. Cole*, 443 N.E.2d 169 (Ohio 1982)); *Loza v. Mitchell*, C-1-98-287, 2002 WL 1580520, at *25 (S.D. Ohio June 11, 2002) (citing *Cole*).  Since Petitioner did not file a petition for post-conviction relief at all, the Magistrate Judge properly turned to the O.R.C. § 2953.23 exceptions to the time limit requirement set forth in O.R.C. § 2953.21.[1]  O.R.C. § 2953.23 provides that "a court may not entertain a petition filed after the expiration of the period prescribed in [O.R.C. § 2953.21] . . . unless" the petitioner establishes certain elements, including that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief . . . ."

The Magistrate Judge concluded that Petitioner was not prevented from discovering the facts and thus was not excused from the time-to-file requirement, because, among other reasons, his counsel Christopher McDowell ("McDowell") was able to spot and raise his own ineffective assistance at trial and during the appeal in Petitioner's App. R. 26(B) application for reopening his appeal and this habeas petition.  (R&R at 32, ECF No. 12.)  Petitioner objects, contending that his ineffective assistance of trial counsel claims were actually raised only after Petitioner hired co-counsel Kenneth Rexford ("Rexford"), who presumably was the one who spotted and raised McDowell's ineffective assistance.

Rexford was hired by at least November 1, 2012, which is when Rexford signed Petitioner's

---

[1]      The R&R inadvertently cited to O.R.C. § 2923.23 once, instead of O.R.C. § 2953.23.

App. R. 26(A) application for reconsideration.  (Ex. 31, ECF 8-1, at 605.)  Even extending the deadline to November 1, 2012, Petitioner failed to timely file a post-conviction petition alleging ineffective assistance of trial counsel.  Thus, the court overrules any objections Petitioner made as to this claim and adopts the R&R along with the additions discussed above.  Accordingly, the court dismisses this portion of Ground Five.

### 2. Alleged Ineffective Assistance of Appellate Counsel

#### a. April Search

The Magistrate Judge found that, rather than evaluating the objective reasonableness of his appellate counsel's performance at the time of the direct appeal, Petitioner was using the benefit of hindsight following the state court of appeals' decision, to suggest that a claim of ineffective assistance of trial counsel for failing to raise issues regarding the search warrant would have been a stronger argument than those his appellate counsel actually raised on appeal.  (R&R at 40, ECF No. 11.)[2]  Petitioner objects to this conclusion but fails to clearly articulate how the finding is incorrect.  Petitioner claims that "[h]is trial counsel had already argued much of the merits in his 'supplemental briefing,' well before even the trial court ruled[,]" but he does not provide a citation to the record.  (Objections at 40, ECF No. 12.)  This court is not required to search the record to find factual support for Petitioner's conclusory statements.  *LaMar v. Ishee*, No. 1:04-cv-541, 2010 U.S. Dist. LEXIS 139621, at *238-240 (S.D. Ohio July 29, 2010), report and recommendation adopted by 2011 U.S. Dist. LEXIS 71474 (S.D. Ohio June 27, 2011); *Franklin v. Bradshaw*, No. 3:04-CV-187, 2009 WL 649581, at *31 (S.D. Ohio Mar. 9, 2009) *aff'd*, 695 F.3d 439 (6th Cir. 2012).

Furthermore, a court need not determine both prongs of the *Strickland* test, because "[i]f it

---

[2]  The Magistrate Judge stated that the state court of appeals' decision was made March 22, 2012, but the decision was rendered on October 22, 2012.

is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Pomales v. United States*, No. 1:08-cv-01054, 2009 U.S. Dist. LEXIS 55675, at *13 (N.D. Ohio June 15, 2009) (quoting *Strickland*, 466 U.S. at 697).  Petitioner agrees with the R&R's conclusion that he conceded the second "prejudice" prong.  (Objections at 41, ECF No. 12.)  Petitioner himself admits that, "as to the April search warrant failures, the prejudice caused is likely insufficient to merit habeas relief on that basis alone."  (*Id.*)  Accordingly, the court overrules Petitioner's objections and adopts the R&R on this issue.

### b. November Search

The Magistrate Judge concluded that Petitioner did not demonstrate that his appellate counsel was ineffective for failing to include McDowell's affidavit, which was later attached to Petitioner's App. R. 26(B) application for reopening the appeal (ECF No. 8-1 at 758-759), in Petitioner's direct appeal, because the information was outside the record.  Petitioner objects, contending that by filing the affidavit with his application to reopen the appeal, the affidavit was made part of the record.  However, "[a]ffidavits attached to an appellate brief cannot be considered as part of the record on appeal." *Middletown v. Allen*, 579 N.E.2d 254, 257 (Ohio Ct. App. 1989); *see also Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, ¶ 10 (citing *In re Estate of Price*, 8th Dist. Cuyahoga No. 68628, 1995 WL 628344 (Oct. 26, 1995)) ("An exhibit attached to an appellate brief and not filed with the trial court is not part of the record.").  Here, McDowell's affidavit was not even in the appellate briefs in the direct appeal but in the application to reopen the direct appeal.  Thus, Petitioner's objection fails.

Petitioner then argues that McDowell made a mistake rather than a tactical decision, when he thought that the scope of his motion to suppress was broader than it actually was. A claim for ineffective assistance of counsel "cannot survive so long as the decisions of a defendant's trial

counsel were reasonable, even if mistaken." *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001) (citing *White v. McAninch*, 235 F.3d 988, 995 (6th Cir. 2000) (quoting *Strickland*)). Here, Petitioner has not established that McDowell's decisions, even if mistaken, were unreasonable. The Magistrate Judge correctly pointed out that McDowell did, in fact, challenge the November search warrant. Just because McDowell included some arguments in his motions to suppress and excluded others, which he later claims he raised in an off-the-record conference, does not constitute "objectively unreasonable" conduct.

Petitioner also contends that, contrary to the Magistrate Judge's conclusion, the excluded evidence obtained through the November search warrant was prejudicial and his arguments were not conclusory. Petitioner lists the reasons he had previously provided for why suppression should have been granted. However, that is not what is at issue here. Petitioner has not provided clear analysis why appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel regarding the November search warrant. Thus, the court overrules Petitioner's objections and adopts the R&R on this issue, with the above additions.

### c. Statements Made Allegedly Under Medical Treatment Privilege

Petitioner challenges the Magistrate Judge's conclusion that appellate counsel had not acted objectively unreasonably by failing to challenge admission of certain statements made by Petitioner to Dr. Rina Stein ("Stein"), based on a claim of medical treatment privilege under O.R.C. § 2317.02. Petitioner alleges that "[t]he Magistrate Judge did not . . . address either *Strickland* prong, except inferentially as to the first prong." (Objections at 48-49, ECF No. 12.) Petitioner contends that Stein was treating Petitioner at the time he made the statements and the Magistrate Judge's reference that Stein wrote down Petitioner's statements in the medical treatment notes created for Petitioner's deceased wife is irrelevant. The court disagrees.

-11-

The Magistrate Judge specifically addresses both prongs of *Strickland* with her reasoning. (R&R at 46-47, ECF No. 11.)  The fact that Petitioner's statements were found in Kathy Wangler's medical treatment notes are clearly relevant to whether the statements Petitioner made were as a patient to his physician "in that relation" for Petitioner's medical treatment. O.R.C. § 2317.02(B)(1). Petitioner claims that at least a portion of his statement "may have occurred during the conversation related to the medical evaluation" and speculates as to why Stein may have written Petitioner's statements in Kathy Wangler's medical treatment notes.  (Objections at 47-48, ECF No. 12.)  Besides this type of speculation and conclusory statements, Petitioner does not articulate how appellate counsel was "objectively unreasonable" for not raising this privilege.

In regard to the "prejudice" prong, Petitioner concedes that "[t]he statements made by [Petitioner] - that Kathy was breathing at a time when Dr. Stein concluded she would have been dead already - are not earth shattering in their own right."  (Objections at 49, ECF No. 12.)  However, Petitioner states that "this issue, as with others, is cumulative," as a response to the Magistrate Judge's conclusion that Petitioner did not challenge the notes as cumulative.  (*Id.*)  Petitioner does not explain in coherent terms how this admittedly non-earth shattering statement was cumulative of other evidence.  It is unclear how this connects with Petitioner's references to the State's "strange behavior" theme, with no record citations, and that "a large part of the 'strange behavior' was excluded as a necessary part of the harmless error analysis."  (*Id.*)  It is further unclear how these issues relate to the *Strickland* "prejudice" prong.

Since Petitioner has not demonstrated that appellate counsel was constitutionally deficient for not raising the medical treatment privilege, the court overrules Petitioner's objections and adopts the R&R on this issue with the above additions.

### d. Sentence

-12-

Petitioner argues that the Magistrate Judge did not explain why O.R.C. § 2929.022 is not applicable as to the determination of Petitioner's sentence. However, this ground for relief is regarding whether appellate counsel was ineffective for failing to raise Petitioner's allegedly statutorily incorrect sentence as an assignment of error. Petitioner specifically states that "[a]s to whether appellate counsel should have spotted this issue, [Petitioner] would concede that this is tough to show. The issue is so subtle that both the Ohio Sentencing Commission and the Ohio Legislative Service Commission missed this error in drafting the statute." (Objections at 51, ECF No. 12.) Although not entirely clear, Petitioner seems to be conceding that, even assuming the sentence is incorrect, appellate counsel's conduct was not "objectively unreasonable."

Regardless, the Magistrate Judge was correct in her analysis and conclusion. As the Magistrate Judge explained, O.R.C. § 2929.03 specifically applies to instances where an indictment does not allege aggravating circumstances regarding a charge of aggravated murder. O.R.C. § 2929.03(A); *State v. Phillips*, 3rd Dist. Van Wert No. 15-12-02, 2012-Ohio-5950, ¶ 14 (since "the State did not allege any aggravating circumstances specification in the indictment[,]" "the trial court properly applied O.R.C. § 2929.03(A)(1)" for sentencing). In contrast, O.R.C. § 2929.022 specifically applies to instances where an indictment "charging a defendant with aggravated murder contains a specification of the aggravating circumstances of a prior conviction[.]" O.R.C. § 2929.022(A). *See also Phillips*, 2012-Ohio-5950, ¶ 15. Since Petitioner's Indictment did not include aggravating circumstances, and it is not clear that the state trial court was unauthorized to give Petitioner the sentence he received under O.R.C. § 2929.03(A)(1)(c), Petitioner cannot show that his appellate counsel's representation was "objectively unreasonable" or that he was prejudiced by that counsel's conduct. Accordingly, the court overrules Petitioner's objections and adopts the R&R on this issue.

### III. CONCLUSION

The court finds that, after careful *de novo* review of the R&R and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts the Magistrate Judge's R&R (ECF No. 11) as its own for the reasons stated by the Magistrate Judge and the additional reasons stated in this Order. The court dismisses Grounds One, and the court denies Grounds Two, Three, and Four of Wangler's Petition (ECF No. 1). The court also dismisses in part and denies in part Ground Five of Wangler's Petition (ECF No. 1).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 21, 2016

-14-